JS 44
Rev. 3/99

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

United States District Court
Southern District of Texas
FILED
JUN 19 2000
Michael N. Milby
Clerk of Court

**I.(a) PLAINTIFFS**

UNITED STATES OF AMERICA

**DEFENDANTS**

C116468/116471

Martinez, Silvia

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   Cameron
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
M. H. Cersonsky
Alonso & Cersonsky, P.C.
3063 Westheimer, Suite 600
Houston, Texas 77056
(713) 840-1492

ATTORNEYS (IF KNOWN)

B-00-091

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates, etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment |  |  | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| [X] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** |  | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General |  | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act |  | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property |  | ☐ 550 Civil Rights |  | ☐ 871 IRS — Third Party 26 USC 7609 |  |
|  |  | ☐ 555 Prison Condition |  |  |  |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

RECOVERY OF FUNDS EXPENDED BY PLAINTIFF UNDER THE NATIONAL DIRECT STUDENT LOAN PROGRAM, 20 U.S.C. Sect. 1083.

**VII. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23    DEMAND $ _____    CHECK YES only if demanded in complaint
JURY DEMAND: ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____   DOCKET NUMBER _____

DATE 6-14-00   SIGNATURE OF ATTORNEY OF RECORD /s/ M. H. Cersonsky

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 1 9 2000

Michael N. Milby
Clerk of Court

| UNITED STATES OF AMERICA, | § | |
|---|---|---|
| | § | |
| Plaintiff | § | |
| | § | CIVIL ACTION B-00-091 |
| versus | § | (Claim: C-116468/C-116471) |
| | § | |
| SYLVIA S. MARTINEZ, | § | |
| | § | |
| Defendant | § | |

# Complaint

1. *Jurisdiction.* The district court has jurisdiction because the United States is a party. *See* U.S. CONST., art III, § 2, and 28 U.S.C. § 1345.

2. *Venue.* The defendant is a resident of Cameron County, Texas, and may be served with process at 503 W. Marjory Ave., Harlingon, Texas 78550-4225.

3. *The Debt.* The debt owed the United States is:

   (1) <u>Claim C-116468</u>:

   | | | | |
   |---|---|---|---:|
   | A. | Current principal | $ | 2,581.89 |
   | B. | Current interest (capitalized and accrued) | $ | 1,335.26 |
   | C. | Administrative fees, costs, penalties | $ | 0.00 |
   | D. | Attorney's fees | $ | 550.00 |
   | E. | Balance due | $ | <u>4,467.15</u> |
   | F. | Prejudgment interest accrues at | | |
   | | 8.41% per annum being $ 0.59 per day. | | |

-1-

    (2) <u>Claim C-116471</u>:

| | | | |
|---|---|---|---:|
| A. | Current principal | $ | 84.55 |
| B. | Current interest (capitalized and accrued) | $ | 34.84 |
| C. | Administrative fees, costs, penalties | $ | 0.00 |
| D. | Attorney's fees | $ | 50.00 |
| E. | Balance due | $ | <u>169.39</u> |

F.    Prejudgment interest accrues at

       8.87% per annum being $ 0.02 per day.

TOTAL OWED (Claim C-116468 + Claim C-116471):    $<u>    4,636.54</u>

The current principal in paragraph 3(1)A and 3(1)B is after credits of $ 25.00.

The certificates of indebtedness, attached as Exhibit A and B, show the total owed excluding attorney's fees and central intake facility charges. On the date of the certificate the principal and interest shown were correct after credits having been applied.

4.    *Failure to pay*. Demand has been made on the defendant to pay the indebtedness, and the defendant has failed to pay it.

5.    *Prayer*. The United States prays for judgment for:

    A.    The sums in paragraph 3 plus pre-judgment interest through the date of judgment, administrative costs, and post-judgment interest.

    B.    Attorney's fees; and,

-3-

C.   Other relief the court deems proper.

>                    Respectfully submitted,
>
>                    ALONSO & CERSONSKY, P.C.
>
> By: *M. H. Cersonsky*
>                    M. H. Cersonsky
>                    Attorney in Charge
>                    State Bar: 04048500
>                    Southern District: 5082
>                    5065 Westheimer, Suite 600
>                    Houston, Texas 77056
>                    Telephone: (713) 840-1492
>                    Fax: (713) 840-0038
>
>                    Attorneys for Plaintiff

# U.S. DEPARTMENT OF EDUCATION
# SAN FRANCISCO, CALIFORNIA

## CERTIFICATE OF INDEBTEDNESS

Silvia S. Martinez
503 W Marjory Ave
Harlingen, TX 78550-4225

SSN: 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

I certify that Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 2/1/99.

On or about 2/16/89, the borrower executed promissory note(s) to secure loan(s) of $2,625.00 from Windsor Savings Association, Austin TX at 8.41 percent interest per annum. This loan obligation was guaranteed by Texas Guaranteed Student Loan Corporation and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 CFR. Part 682). The holder demanded payments according to the terms of the note(s), and credited $183.04 payments to the outstanding principle owed on the loan(s). The borrower defaulted on the obligation on 6/21/92 and the holder filed a claim on the guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $2,581.89 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. The guarantor attempted to collect the debt from the borrower. The guarantor was unable to collect the full amount due, and on 2/20/97 assigned its right and title to the loan(s) to the Department.

Since assignment of the loan, the Department has received a total of $0.00 in payments from all sources, including Treasury Department offsets, if any. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $2,581.89 |
| Interest: | $1,335.26 |
| Administrative/Collection Costs | $0.00 |
| Late Fees: | $0.00 |
| Total debt as of 2/1/99: | $3,917.15 |

Interest accrues on the principal shown here at the rate of $0.59 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 2-23-99     Name: _[signature]_
Title: Loan Analyst
Branch: Litigation

PLAINTIFF'S EXHIBIT A

# U.S. DEPARTMENT OF EDUCATION
# SAN FRANCISCO, CALIFORNIA

## CERTIFICATE OF INDEBTEDNESS

Silvia S. Martinez
503 W Marjory Ave
Harlingen, TX 78550-4225

SSN: 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

I certify that Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 2/1/99.

On or about 2/16/89, the borrower executed promissory note(s) to secure loan(s) of $500.00 from Windsor Savings Association, Austin TX at 8.87 percent interest per annum. This loan obligation was guaranteed by Texas Guaranteed Student Loan Corporation and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 CFR. Part 682). The holder demanded payments according to the terms of the note(s), and credited $420.68 payments to the outstanding principle owed on the loan(s). The borrower defaulted on the obligation on 3/21/94 and the holder filed a claim on the guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $84.55 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. The guarantor attempted to collect the debt from the borrower. The guarantor was unable to collect the full amount due, and on 2/20/97 assigned its right and title to the loan(s) to the Department.

Since assignment of the loan, the Department has received a total of $0.00 in payments from all sources, including Treasury Department offsets, if any. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $84.55 |
| Interest: | $34.84 |
| Administrative/Collection Costs | $0.00 |
| Late Fees: | $0.00 |
| Total debt as of 2/1/99: | $119.39 |

Interest accrues on the principal shown here at the rate of $0.02 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 2/23/99    Name: Sheryl Davis
Title: Loan Analyst
Branch: Litigation

PLAINTIFF'S EXHIBIT B

# United States District Court

Southern DISTRICT OF Texas

UNITED STATES OF AMERICA,

Plaintiff V.

SYLVIA S. MARTINEZ,

Defendant

§ § § § § § § § § §

SUMMONS IN A CIVIL CASE

CASE NUMBER: B-00-091

TO: (Name and address of defendant)

SYLVIA S. MARTINEZ
503 W. Marjory Ave.
Harlingon, Texas 78550-4225

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

M. H. Cersonsky
Galleria Financial Center
5065 Westheimer, Suite 600
Houston, Texas 77056

n answer to the complaint which is herewith served upon you, within __twenty (20)__ days after service o ummons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the emanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time ervice.

Michael N. Milby, Clerk
CLERK

6-22-00
DATE

(BY) DEPUTY CLERK